UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DERRICK JOMELL PERRY, | ) | CASE NO. 1:09 CV 1090 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERIC HOLDER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Derrick Jomell Perry filed the above-captioned action under 42

U.S.C. § 1983 against United States Attorney General Eric Holder, Elkton Federal Correctional

Institution ("FCI-Elkton") Warden J.T. Shartle, "AHSA J. Barnes", "CD V. Silla," and National

Inmate Appeals Administrator Harrell Watts. In the complaint, plaintiff alleges he did not receive

adequate medical care for a skin condition. He seeks $ 2,000,000.00 in damages and referral to

another dermatologist.

**Background**

Mr. Perry claims that when he arrived at FCI-Elkton on November 14, 2007, he had

long standing history of acne cysts and acne keloidalis on his neck.[1]  He states the area became infected, and the resulting scar tissue eventually formed a huge keloid at the nape of his neck.  He was referred to a dermatologist outside of the prison in April 2008.  He claims it took five months to get an appointment with this specialist.

The dermatologist noted that "medical therapy is not very effective" for this type of condition.  (Compl. Ex. E.)  He stated that the long term use of antibiotics combined with steroids might reduce the swelling and make Mr. Perry more comfortable.  The dermatologist noted that the condition would probably not disappear.  He theorized that as long as there is hair on the back of his neck, Mr. Perry will continue to have difficulty.  The dermatologist further stated that radiation therapy was a possibility; however, that treatment was not often successful and created an increased risk of cancer from radiation exposure.  Finally he noted that surgery was possible but not recommended.  He cautioned that it is a very extensive surgery and quite often causes a larger keloid to grow in the place where the smaller one was removed.  He stated he knew of no surgeon who would perform the surgery for that reason.  He concluded by saying, "I wish I had a better answer for you."  (Compl. Ex. E)

Mr. Perry contends the defendants were deliberately indifferent to his serious medical needs.  He asserts that this "includes indifference manifested by the doctors in their response to the

---

[1]    Acne keloidalis nuchae (AKN) occurs when hairs on the back of the head and neck grow into the skin, become inflamed, and cause scar tissue. The scar tissue may then form keloids, which are raised, reddish nodules that develop at the site of an injury similar to a scar.  A normal scar is made up of connective tissue fibers deposited in the skin by the fibroblasts to hold the wound closed. With keloids, the fibroblasts continue to multiply even after the wound is repaired.  Thus keloids project above the surface of the skin and form large mounds of scar tissue.  See http://www.aocd.org/

2

care and needs that were required for me in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." (Compl. at 4.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, there are no allegations against any of the defendants in the body of the complaint. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

It appears that J.T. Shartle, J. Barnes, and Harrell Watts denied Mr. Perry's

---

[2]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: August 10, 2009

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4